IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RODERICK CHAPMAN,

    Plaintiff,

vs.                                        No. 05-2767-Ml/P

SHELBY COUNTY, et al.,

    Defendants.

_____

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE
_____

Plaintiff, Roderick Chapman, prisoner number 24037, an inmate at the Shelby County Criminal Justice Complex ("Jail"),[1] has filed a complaint under 42 U.S.C. § 1983. The Clerk of Court shall file the case and record the defendants as Shelby County,[2] Mark Luttrell, Robert Moore, and Chief Coleman.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the

---

[1]     The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]     Plaintiff named the Shelby County Jail as a defendant. As the Jail is not a suable entity, the Court construes the complaint as naming Shelby County as the defendant. See Hafer v. Melo, 502 U.S. 21 (1991).

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the

amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.  The obligation to pay this filing fee shall continue despite the immediate dismissal of this case.  28 U.S.C. § 1915(e)(2).  The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

Plaintiff sues Shelby County, Shelby County Sheriff Mark Luttrell, and Jail employees Robert Moore and Chief Coleman. Plaintiff alleges that he is employed by Aramark at the Jail but does not receive wages. He seeks pay for his employment so that he can make his bond. Plaintiff alleges that he filed a grievance and was told it was nongrievable.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). The Court has reaffirmed that this requirement applies even to claims seeking monetary damages. Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999).

This requirement places an affirmative burden on prisoners to plead particular facts demonstrating the complete exhaustion of their claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Curry v. Scott, 249 F.3d at 503-04 (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing

complete exhaustion of their claims or otherwise demonstrate exhaustion).

To the extent Plaintiff's allegations are insufficient to demonstrate that he has exhausted his administrative remedies, 42 U.S.C. § 1997e(c)(2) provides:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

Id. This Court, therefore, analyzes prisoner complaints under § 1997e(c)(2) regardless of exhaustion of grievance procedures.

Manual labor during imprisonment is one means by which persons convicted of violating the criminal laws may be required to pay their debt to society. "Prisons put their charges to work for the benefit of society (work supplies a combination of rehabilitation and punishment)." Wallace v. Robinson, 914 F.2d 869, 877 (7th Cir. 1990)(concurrence by Easterbrook, J.), vac'd on grant of reh'g en banc, 922 F.2d 409, reasoning of concurring opinion adopted by en banc court, 940 F.2d 243 (1991).

Plaintiff's allegation that he was denied wages for a prison job does not amount to an allegation of the deprivation of a liberty interest. "[T]he Constitution does not create a property or liberty interest in prison employment [and] any such interest must be created by state law by 'language of an unmistakably mandatory character.'" Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989)(quoting Ingram v. Papalia, 804 F.2d 595, 596-97 (10th

Cir. 1986)); Watts v. Morgan, 572 F. Supp. 1385, 1388 (N.D. Ill. 1983).

As the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates. Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991); James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982).  See also Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986); Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir. 1984); Manning v. Lockhart, 623 F.2d 536, 538 (8th Cir. 1980).  Accord, Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985)(no constitutional right to jobs and educational opportunities); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985)(no liberty or property interest in vocational training); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982)(no constitutional right to rehabilitation).

Rather, prison administrators may assign inmates jobs and wages at their discretion. Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978); Hascall, 566 F. Supp. at 1494; Chapman v. Plageman, 417 F. Supp. 906, 908 (W.D. Va. 1976).  Plaintiff thus has no property or liberty interest in either a paying job in prison or in receiving payment at any particular rate or any schedule.  As plaintiff has no property right in wages from a prison job, he has no claim for lost wages.

Furthermore, plaintiff fails to allege that he suffered any actual physical harm. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff's claims fail for want of an allegation of the requisite harm.

Accordingly, this complaint fails to state a claim upon which relief may be granted. As the complaint fails to state a claim, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is frivolous, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failing to state a claim also compel the conclusion that an appeal would also fail to state a claim upon which relief could be granted.

7

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter is not taken in good faith, and the plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee,[3] he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings if any by this plaintiff, this is the first dismissal in this district of one of plaintiff's cases for failure to state a claim.

IT IS SO ORDERED this 14th day of June, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

---

[3] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.